# United States Court of Appeals for the Fifth Circuit

———————

No. 24-10485
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
July 3, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TOMMY PHONTHALANGSY,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CR-10-1

———————————————————

Before HIGGINBOTHAM, JONES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Tommy Phonthalangsy pleaded guilty to possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1), and was sentenced within the guidelines range to 51 months in prison and to a three-year term of supervised release. Phonthalangsy appeals his conviction and his sentence.

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-10485

On appeal, Phonthalangsy renews challenges that he presented in an unsuccessful motion to dismiss the indictment. He contends that § 922(g) is facially unconstitutional under the Second Amendment in light of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). That argument, as Phonthalangsy acknowledges, is foreclosed by our decision in *United States v. Diaz*, 116 F.4th 458, 466-72 (5th Cir. 2024), *petition for cert. filed* (U.S. Feb. 18, 2025) (No. 24-6625). His claim that § 922(g)(1) violates the Commerce Clause similarly fails because, as he concedes, it is foreclosed by our caselaw. *See, e.g.*, *United States v. Jones*, 88 F.4th 571, 573 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 1081 (2024); *United States v. Alcantar*, 733 F.3d 143, 145 (5th Cir. 2013).

Phonthalangsy also argues for the first time on appeal that the district court erred in finding that his prior conviction in Texas for murder qualified as a "crime of violence" that subjected him to a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(A). However, he has not established that the district court's determination was clear or obvious error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). His claim turns on various issues on which the law is uncertain and unresolved, and the issue whether Texas murder is a "crime of violence" thus is subject to reasonable dispute. *See United States v. Scott*, 821 F.3d 562, 570–71 (5th Cir. 2016); *United States v. Trejo*, 610 F.3d 308, 319 (5th Cir. 2010). Therefore, the district court did not plainly err. *See Puckett*, 556 U.S. at 135.

The judgment of the district court is AFFIRMED.

2